UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Hayward Leon Rogers**, # 278510,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>Warden, McCormick Correctional Institution; and<br>Henry D McMaster, Attorney General of South Carolina,<br><br>　　　　　　　　　　Respondents.<br>_____ | ) **C/A No. 8:06-2724-MBS-BHH**<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently housed at McCormick Correctional Institution, serving life sentences without possibility of parole for kidnaping and criminal sexual conduct, and concurrent sentences for armed robbery and assault and battery with intent to kill. The sentences were entered by the Lexington County Court of General Sessions following a jury verdict finding Petitioner guilty. This is the fourth attempt by Petitioner to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court directed to the Lexington County convictions and sentences. Each of the prior petitions were dismissed for lack of exhaustion of state remedies. *See* Civil Action Nos. 8:02-3820-MBS; 8:03-2745-MBS; 8:03-3050-MBS. This Court may take judicial notice of the contents of the files in Petitioner's three previous § 2254 cases. *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

In the Petition filed in this case, Petitioner primarily complains about the course of proceedings in his currently pending post-conviction relief application (PCR) in Lexington County. That case has been pending since 2004, but, according to the exhibits in this case, Plaintiff filed an amended PCR application on September 20, 2005. He alleges that the PCR court and State of South Carolina are denying him "due process" in that case because the court has not required the State to timely respond to a certain "pre-trial motion" that was also filed by Petitioner *pro se* in the PCR case on September 20, 2005. He claims that he needs the information requested in the "pre-trial motion" in order to proceed with the PCR case, but that the State has not responded at all since the filing over one year ago. In the only allegations in the Petition that appear directed to his underlying convictions and sentences, Petitioner also claims that his constitutional rights to a fair trial were denied because his court-appointed trial counsel did not receive sufficient funds from the State to hire qualified experts for Petitioner's criminal trial. Although he has submitted copies of several letters from other political entities regarding inquiries from him, Petitioner does not state what, if any, actions he has taken in the PCR court itself (Lexington County Court of Common Pleas) in an effort to encourage the PCR court to proceed with the case and force the State to respond to Petitioner's motion. In the request for relief, Petitioner states that he seeks "federal intervention so that I may have a fair trial and equal protection of due process of law as guaranteed by Congress." Petition, at 15.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>,

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed in this case should be dismissed because this Court cannot "intervene" in the currently pending PCR case and order the court to make the State respond to Petitioner's motion, and because it is clear from the filings that Petitioner has not exhausted his state remedies as to his claim about lack of expert witnesses. First, Plaintiff's request that this Court intervene in his PCR case, which request is in the nature of a petition for writ of mandamus rather than

3

habeas corpus, cannot be granted. *See* Black's Law Dictionary (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also* In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*;* In re Carr, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same).

In Gurley, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587. As a result, Petitioner's request for this Court to intervene in his PCR case cannot be granted because this Court cannot order the state court judge to do any particular act.

Second, to the extent that Petitioner seeks to raise a contention of ineffective assistance of his trial counsel due to the lack of funds allotted for expert witnesses, the Petition is subject to summary dismissal due to lack of exhaustion of state court remedies as to this issue. With respect to his Lexington County conviction and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973)(citing Braden). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration, following their consideration by the requisite lower state courts. Picard v. Connor, 404 U.S. at 276. Although it is unclear whether Petitioner has asserted his claim of ineffective assistance of counsel based on the lack of funds for expert witnesses in the currently pending PCR action in Lexington County because the quality of the copies of the PCR documents submitted by Petitioner as exhibits makes them un-readable, if he wishes for this Court to consider such a claim pursuant to § 2254, he must first exhaust all of his state court remedies as to that claim. Since the PCR case is still pending, any claim raised therein has not yet been fully considered and addressed by courts of the State of South Carolina, and this is fatal to this case.

If Petitioner's pending PCR application is ultimately denied or dismissed by the Lexington County Court of Common Pleas, he can then obtain review of the that denial or dismissal through "a writ of certiorari as provided by the South Carolina Appellate Court Rules." S.C. Code Ann. § 17-27-100; see Rule 227, SCACR; Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if the Court of Common Pleas for Lexington County

6

denies PCR or dismisses Petitioner's application, Petitioner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas for Lexington County or else federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default.  Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy.  Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977).  Since Petitioner still has at least two viable state court remedies which have not been fully utilized (the pending PCR case and a petition for writ of certiorari in the South Carolina Supreme Court if the PCR case is unsuccessful), this Court should not keep this case on its docket while Petitioner is exhausting his state remedies.  Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see* Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## Recommendation

Accordingly, it is recommended that the Petition in this case be dismissed *without*

*prejudice* and *without requiring Respondents to file a return*. See 28 U.S.C. § 1915(e)(2)(B)(i); <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the notice on the following page.

                                                                   Respectfully submitted,

                                                                   s/Bruce H. Hendricks
                                                                   United States Magistrate Judge

October 5, 2006
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**