IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | |
| ) | C/A No. 8:06-2724-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden, McCormick Correctional ) | |
| Institution; and Henry D. McMaster, ) | |
| Attorney General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Hayward Leon Rogers is an inmate in custody of the South Carolina Department of Corrections who currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 27, 2005. The within action is Petitioner's fourth attempt to obtain federal habeas review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge review the allegations of the petition pursuant to 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. On October 5, 2006, the Magistrate Judge issued a Report and Recommendation in which she noted that Petitioner currently is pursuing post-conviction relief (PCR) at the state level. Accordingly, the Magistrate Judge recommended that the within petition be dismissed to allow Petitioner to exhaust his available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Petitioner filed objections to the Report and Recommendation on October 13, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner contends that he should be excused from the exhaustion requirements of § 2254(b)(1)(A) because he filed a motion in state court that has been pending for more than a year. Petitioner contends that the state court's failure to rule on the motion resulted in fundamental unfairness and deprived him of due process. Motion to Amend (Entry 12), p. 2. However, it also appears that the state court now has issued a conditional order dismissing the case, so that Petitioner's outstanding motion no longer is pending. Id., p. 1. However, Petitioner states that he filed additional motions on August 21, 2006, thus requiring the state court to make further rulings. Id. Once the most recent motions are disposed of, Petitioner must seek review of the PCR order from the South Carolina Supreme Court to complete the exhaustion requirement. See S.C. Code Ann. § 17-27-100; S.C. R. App. P. 227.

The court agrees with the Magistrate Judge's determination that Petitioner must exhaust his state court remedies as required by § 2254. The court adopts the Magistrate Judge's recommendation that the within action be dismissed without prejudice and without requiring Respondents to file a return. Petitioner's motion to strike (Entry 9) and motion for a hearing (Entry 11) are denied.

2

Petitioner's motion to amend objections to Report and Recommendation is **granted** but does not affect the court's ruling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

January 30, 2007

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3